# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-10537-SVW-E | Date | March 18, 2019 |
| Title | *Matua Kisini v. Valassis Communications, Inc. et al.* | | |

## JS-6

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

N/A                                                       N/A

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]

## I. Introduction and Background

On November 9, 2018, Plaintiff Matua Kisini filed the instant suit against Defendants Valassis Communications, Inc., Valassis Sales & Marketing Services, Inc., Harland Clarke Holdings (collectively, the "Entity Defendants"), and Frank Patano. Dkt. 1, Ex. A ("Compl."). Plaintiff asserts claims for: (1) violation of the Fair Employment and Housing Act (against Entity Defendants); (2) violation of California Labor Code § 1102.5 (against Entity Defendants); (3) wrongful termination in violation of public policy (against Entity Defendants); and (4) false promise/intentional misrepresentation (against Entity Defendants and Patano). *Id.*

On December 19, 2018, Defendants removed the action to this Court. Dkt. 1. The alleged basis for removal was diversity of citizenship. *Id.* ¶ 5. Plaintiff now moves to remand the action to state court on the ground that Defendants have not met their burden to establish complete diversity. Dkt. 11 at 1.

## II. Summary of Allegations

### A. Allegations of the Complaint

Plaintiff alleges that he worked for Defendants from April 8, 2016 to November 2017. Compl. ¶¶ 12, 14. The crux of Plaintiff's allegations is that Defendants engaged in a pattern and practice of

: 
Initials of Preparer
PMC

discriminating against African-Americans with respect to the terms and conditions of employment, and that, in line with this policy, Defendants terminated Plaintiff's employment due to Plaintiff's race and due to Plaintiff's having served as a witness in a FEHA-related workplace investigation. *Id.* ¶¶ 13-14.

With respect to Defendant Patano, Plaintiff alleges that Plaintiff met with Patano, who worked in the human resources department, prior to his accepting Defendants' offer of employment. *Id.* ¶ 11. During the meeting, Patano represented to Plaintiff that employment with Valassis was secure, that employees enjoyed long, secure, and stable tenures, and that as long as Plaintiff fulfilled his job responsibilities, he would have a job and would be treated fairly. *Id.* Plaintiff alleges that these representations were false and that Patano knew them to be false, making them in order to induce Plaintiff to accept Defendants' offer of employment. *Id.* Plaintiff also alleges that Patano promised Plaintiff that, if Plaintiff agreed to accept employment with Defendants and so long as he performed his job duties, Defendants would treat Plaintiff in a fair and honest manner, would not subject him to arbitrary, capricious, or illegal employment actions (including termination), and would instead provide Plaintiff with secure, stable employment. *Id.* at 28.

### B. Allegations of the Notice of Removal

Defendants allege removal jurisdiction based on complete diversity of the parties. Defendants removed the action alleging that Plaintiff is a citizen of California, based on the allegation in the underlying complaint that "at all times material . . . [Plaintiff] resided within Los Angeles" in the State of California. Dkt. 1 ¶ 7. Entity Defendants are citizens of states other than California. *Id.* ¶¶ 10-11. Defendant Patano is a citizen of California, but Defendants contend that his citizenship should be disregarded because he is a sham defendant, joined only to defeat diversity jurisdiction. *Id.* ¶ 13.

## III. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a

district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

**IV.     Analysis**

  **A.     Fraudulent Joinder**

Plaintiff contends that Defendants have failed to meet their burden to establish diversity jurisdiction because Defendants have not established that Patano is fraudulently joined. Only if a court finds that a defendant was fraudulently joined simply to defeat complete diversity and the defendant "cannot be liable on any theory" may the court disregard the citizenship of the "sham" defendant for removal purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that fraudulent joinder occurs where a plaintiff's failure to state a claim is "obvious according to the settled rules of the state"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (emphasis added). Furthermore, the Ninth Circuit has clearly held that a court, in analyzing whether a defendant was fraudulently joined, is not to rely on the test for assessing a Rule 12(b)(6) motion, because a defendant is not fraudulently joined as long as any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."[1] *GranCare, LLC v. Thrower by & Through Mills*, 889 F.3d 543, 550 (9th Cir.

---

[1]     "GranCare cites *Sessions v. Chrysler Corp.*, 517 F.2d 759 (9th Cir. 1975), in support of its argument that the test for fraudulent joinder is roughly equivalent to the test under Rule 12(b)(6). In *Sessions*, we concluded that because a plaintiff's claims were 'sufficient to withstand a dismissal motion under Fed. R. Civ. P. 12(b)(6), the joinder of claims against them was not fraudulent.' *Id.* at 761. But our holding in *Sessions* is consistent with the 'possibility' standard we follow today. If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint

2018).

Here, Defendants contend that Patano is a sham defendant because the only claim against him is the false promise/intentional misrepresentation claim. Dkt. 1 ¶ 14. Defendants argue that Plaintiff cannot state a claim against Patano for several reasons, including: (1) an at-will employee cannot state a claim for fraud based on a vague promise for long-term employment; and (2) Plaintiff cannot establish that Patano knew that the purported statements were false when made. Dkt. 14 at 8-16.

Defendants' arguments are insufficient to establish that Patano cannot be liable on any theory and it is not obvious under the settled law of California that Plaintiff's claim against Patano is untenable, especially if Plaintiff were to amend his complaint.[2] Plaintiff alleges that Patano knowingly made false promises regarding Plaintiff's prospective employment. Defendants admit that courts "have permitted employees to assert claims for fraudulent inducement into an employment contract, but only in very limited circumstances," and Defendants argue that those limited circumstances are not present here. *Id.* at 11. The question of whether this case fits into one of those circumstances is not for the Court to determine at this stage; rather, the Court is to assess only whether there is a possibility that a state court would find that the complaint does—or an amended complaint could—state a claim. The Court finds that there is such a possibility, and accordingly grants Plaintiff's motion to remand.

### B. Attorneys' Fees

28 U.S.C. § 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *GranCare*, 889 F.3d at 552.

---

can possibly be cured by granting the plaintiff leave to amend." *GranCare*, 889 F.3d at 550.

[2] Defendants argue that Plaintiff's motion to remand introduces new, unsubstantiated allegations against Patano that were not included in the original complaint, demonstrating that the allegations in the original complaint are inadequate. Dkt. 14 at 16-17. This may be true, but it is of no moment at this stage; as discussed in *GranCare*, the fact that Plaintiff could incorporate these allegations in an amended complaint can be considered by the Court in its sham defendant analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10537-SVW-E | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Matua Kisini v. Valassis Communications, Inc. et al.* | | |

Removal is not objectively unreasonable "solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Importantly, "the degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable." *GranCare*, 889 F.3d at 552.

Plaintiff is entitled to attorneys' fees in connection with the removal because Defendants' basis for removal and opposition to Plaintiff's motion to remand were objectively unreasonable. Not only did Defendants' arguments lack merit, but they also were premised on a legal theory that was contradicted by clearly established controlling precedent in *GranCare*. The vast majority of Defendants' opposition brief is devoted to the argument that the test for determining whether a defendant is fraudulently joined is whether the plaintiff states a claim against that defendant in the operative complaint. *See* Dkt. 14 at 6-14. Defendants argue, more specifically, that the "standard has always been that if the plaintiff cannot assert a viable claim, the defendant is considered a 'sham'" (citing pre-*GranCare* cases) and that *GranCare* "merely . . . used slightly different words" but did not "alter this standard or overrule the cases that created it." Dkt. 14 at 6-7. This legal theory is wholly unreasonable given that, as discussed above, *GranCare* clearly resolved any prior ambiguity in the case law by expressly rejecting the Rule 12(b)(6) test, adopting the "possibility" test, and holding that a "district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare*, 889 F.3d at 550. Thus, the Court grants Plaintiff's motion for attorneys' fees.[3]

### V. Conclusion

The Court GRANTS Plaintiff's motion and REMANDS the case to state court.

IT IS SO ORDERED.

---

[3] Plaintiff's counsel, Deborah Hoetger, states that she expended 8.9 hours on the motion at an hourly rate of $665. Dkt. 11-1 ¶ 7. Hoetger also declares that Nancy Abrolat expended 2.5 hours on the motion at an hourly rate of $750. *Id.* Based on the relevant case law and the Court's knowledge of hourly rates in the Los Angeles legal community, the Court finds that Plaintiff's requested rates are reasonable. In addition, Defendants do not argue that the number of hours or rates are unreasonable. Thus, attorneys' fees are to be awarded in the amount of $7,793.50.